UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------X

KEITH MILLS,

        Plaintiff,

-against-

SEC. OF THE DEPT. OF HEALTH & HUMAN SERVICES,

        Defendant.

------------------------------------X

MEMORANDUM
AND ORDER
07-CV-0065 (DLI)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★    6 2007 ★
BROOKLYN OFFICE

IRIZARRY, United States District Judge:

Plaintiff, appearing *pro se*, filed the instant complaint on December 29, 2006 pursuant to 42 U.S.C. § 1983, seeking this Court's intervention in the administration of his Medicare benefits. By order dated January 19, 2007, this Court dismissed plaintiff's claims, but, in an abundance of caution and in light of plaintiff's *pro se* status, afforded him the opportunity to replead within thirty (30) days. Mills v. Sec'y of the Dep't of Health & Human Servs., et al., No. 07-CV-0065 (DLI), slip op. at 6-7 (E.D.N.Y. Jan. 19, 2007). On February 9, 2007, plaintiff submitted an amended complaint. The Court dismisses plaintiff's amended complaint for the reasons stated below.

## BACKGROUND

Plaintiff's amended complaint raises two claims. In his original complaint, plaintiff alleged that he wished to challenge the Social Security Administration's (the "SSA"'s) determination in April 2004 that the State of New York would be responsible for his Medicare payments. Compl. at 1. Apparently, plaintiff doubts the State's ability to administer his Medicare payments in an appropriate manner. Id. Plaintiff's amended complaint alleges that on May 3, 2004, he requested reconsideration of the SSA's decision. Am. Compl. at 1. Plaintiff's first claim is that "the SSA

violated his due process rights when they did not respond to his appeal."[1] Id. at 4. The amended complaint also describes a "State fair hearing" held on January 11, 2007, regarding plaintiff's request for home medical services. Id. at 3. However, apart from complaining that because of his poor physical condition he has trouble "running back and forth from fair hearing to fair hearing without getting a decision," id., he does not raise any federal claims based on this hearing.

Plaintiff's second claim relates to the release of his medical records. Plaintiff alleges that IPRO, the organization authorized by the Medicare program to review medical services provided to Medicare patients in New York State, asked plaintiff's doctor for his medical records and that "when the doctor did not give them the ... records[,] IPRO told the doctor that they would technical [sic] shut down [plaintiff's] case, and the doctor would not get paid." Id. at 2. Plaintiff alleges that the doctor gave IPRO his records for "fear of not getting paid" without obtaining plaintiff's prior approval for their release. Id. According to the amended complaint, "[p]laintiff has a right to privacy of his medical records," id. at 4, and IPRO's actions constitute violations of the "Privacy Act," id. at 2-3, a reference to the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552a.

As redress, plaintiff "would like that the theft of his Medicare insurance and these illegal technical shut down of his case that put his life at risk to stop," and he requests that he be allowed to be solely responsible for his Medicare payments. Am. Compl. at 4.

## DISCUSSION

A.  Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action

---

[1] On page two of the amended complaint, plaintiff also alleges that the SSA violated his rights under the Equal Protection Clause, Am. Compl. at 2; however, the Court, in its prior order, dismissed plaintiff's Equal Protection claim, and his new allegations do not warrant that this claim be reopened. See Mills, slip op. at 4 (E.D.N.Y. Jan. 19, 2007).

2

where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). As plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest arguments they suggest. Id.

B. Due Process Claim

For a plaintiff to prevail in a due process claim under § 1983, he must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process. See Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002); Green v. Bauvi, 46 F.3d 189, 194 (2d Cir.1995). In order to have an interest protectable under the Constitution, a person must have a "legitimate claim of entitlement to it." Bd. of Regents of State Coll. v. Roth, 408 U.S. 564, 577 (1972). An abstract need, desire, or unilateral expectation is not enough. See id. Plaintiff fails to identify a constitutionally protected interest that was violated by the SSA's alleged failure to respond to his request for reconsideration of its decision that the State should pay his Medicare premiums. Accordingly, his due process claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); see Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth., 23 F.3d 636, 639 (2d Cir. 1994) (affirming dismissal of a § 1983 claim because plaintiff had no constitutionally protected property

interest).

C. Privacy Act

The Privacy Act proscribes federal agencies from disclosing any record which is contained in a system of records, including information about an individual's medical history, to any person or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains. 5 U.S.C. §§ 552(a)(4), 552(b). As IPRO and plaintiff's doctor are not federal agencies, plaintiff cannot sue these two defendants for the release of his medical records without his permission. Even if a state's subsidized medical care program is subject to federal regulations, that does not convert the state administering agency into a federal agency for purposes of the Privacy Act. See St. Michael's Convalescent Hosp. v. State of Cal., 643 F.2d 1369 (9th Cir. 1981). Therefore, plaintiff's Privacy Act claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, plaintiff's amended complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DORA L. IRIZARRY
United States District Judge

Dated:
Brooklyn, New York
March 7, 2007

4